**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

YALESCIS FUENMAYOR MATOS, on behalf of
VIRGILIO JESUS GONZALEZ OCHOA,

     *Petitioner*,

v.                                     Case No. 3:26-cv-1179-WWB-LLL

WARDEN, NORTH FLORIDA
DETENTION CENTER, et al.,

     *Respondents*.

_____

## ORDER

THIS CAUSE comes before the Court on a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 filed by Yalescis Fuenmayor Matos, on behalf of her partner Virgilio Jesus Gonzalez Ochoa ("**Petitioner**"), who is being detained by Immigration and Customs Enforcement ("**ICE**") at the Baker County Detention Center. (Doc. 1). According to Matos, ICE has detained Petitioner since April 9, 2026, and his prolonged detention is violating his due process rights and causing family hardships. (*Id.* at 2). As relief, Matos requests that the Court order Petitioner's immediate release or a bond hearing. (*Id.*).

An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. The latter part of this statutory provision codifies the common law tradition of permitting a "next friend" to litigate on behalf of a person who, because of incompetence, is unable to initiate a habeas action himself. *See Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990). However, "'[n]ext friend' standing is by no means granted automatically . . . ." *Id.* at 163. The would-be next friend must provide an adequate

explanation for the necessity of the designation, such as the real party's mental incompetence or lack of access to the courts. *Id.*

Matos does not demonstrate that "next friend" status is appropriate. There is no indication Petitioner is mentally incompetent or has been denied access to the courts. Rather, it appears Matos seeks the status because Petitioner's detention is hindering his access to legal resources. (Doc. 1 at 2). Because Matos does not demonstrate the propriety of "next friend" status, she lacks standing to initiate this action on Petitioner's behalf. *See Francis v. Warden, FCC Coleman-USP*, 246 F. App'x 621, 622 (11th Cir. 2007) ("Absent 'next friend' status, an individual lacks Article III standing to file a petition on another's behalf, thus stripping the district court of jurisdiction to consider the petition.");[1] *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978) ("[W]hen the application for habeas corpus filed by a would be 'next friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition.").

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED without prejudice**.

2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions as moot, and close the file.

---

[1] Any unpublished opinions are cited as persuasive authority. *See McNamara v. GEICO*, 30 F.4th 1055, 1060–61 (11th Cir. 2022).

2

**DONE AND ORDERED** in Jacksonville, Florida, on May 12, 2026.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

c:

Yalescis Fuenmayor Matos
3127 Houndsworth Ct., Apt. 303
Orlando, FL 32837


Virgilio Jesus Gonzalez Ochoa, A241451737

3